***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award except for minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and are subject to the terms of the North Carolina Workers' Compensation Act.
2. The Industrial Commission has jurisdiction over the parties and the subject matter.
3. Plaintiff was an employee of defendant-employer, Five Star Foods, Inc., and St. Paul Fire Marine Insurance Company is the workers' compensation carrier for defendant-employer.
4. Plaintiff's average weekly wage is $252.00, which yields a corresponding compensation rate of $168.00.
 ***********
Based upon the greater weight of the competent and credible record evidence in this matter, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 47-years-old at the time of the hearing before the deputy commissioner. As a delivery driver for defendant-employer, plaintiff pulled orders for potato chips, candy, syrup, coffee, sandwiches, paper products, and snack crackers, which ranged in weight from one pound to thirty-five pounds, loaded the orders on defendant-employer's panel truck, and delivered the orders on a route. Plaintiff traveled her route from Kinston to Robersonville to Washington, N.C. and to Aurora, and then back to Kinston.
2. Plaintiff complained that her back was bothering her to defendant-employer less than a year after she began her employment in 2000. She did not complain of back problems to her treating physician, Dr. Johnson at this time. Mr. Litwitz, plaintiff's supervisor, would have her order pulled and loaded for plaintiff via forklift. In addition, defendant-employer provided a step on to the back of plaintiff's van to accommodate her complaints.
3. On October 15, 2001, plaintiff made a delivery in Robersonville. Plaintiff alleges that while unloading boxes, she picked up a box to place it on a handcart. Plaintiff alleges that when she turned to place the box on the handcart, she felt a pain in her upper back.
4. Plaintiff completed her route, delivered sandwich trays to National Spinning in Washington, and returned to Kinston.
5. After she completed her delivery route on October 15, 2001, plaintiff alleges that she reported her injury to her supervisor, Mr. Ralph Litwitz. However, Mr. Litwitz testified that plaintiff did not report that she had injured her back during her route.
6. Mr. Litwitz did not receive a report of a back injury from plaintiff on October 15, 2001. Accordingly, Mr. Litwitz did not report that plaintiff injured her back on October 15, 2001 as required by company policy.
7. Plaintiff began to receive medical treatment from Kenneth L. Johnson, II, M.D., an internal medicine specialist, for osteoarthritis of her hands in August of 2000. Dr. Johnson treated plaintiff with Vioxx for her osteoarthritis of her hands. On August 10, 2001, plaintiff returned to Dr. Johnson for hot flashes. In his note, Dr. Johnson noted that plaintiff continued to suffer from osteoarthiritis and continued her Vioxx prescription. Dr. Johnson also directed plaintiff to return in a couple of weeks.
8. On October 15, 2001, plaintiff returned to Dr. Johnson for what he termed a "routine exam." Dr. Johnson noted that plaintiff, "[H] as also had more back pain between her shoulders Says this has been going on for the past week." Dr. Johnson performed an examination of plaintiff's back which, "[R]evealed mild tenderness between the shoulder blades." After his examination and evaluation of plaintiff, Dr. Johnson diagnosed plaintiff with, "Paraspinal strain with mild muscle spasm."
9. Dr. Johnson never recorded in his October 15, 2001 office note that plaintiff reported a workplace injury. However, over two years later at his deposition, he testified that he remembered on the day of the deposition that plaintiff said her pain was work related.
10. On October 23, 2001, plaintiff returned to Dr. Johnson for additional treatment of her back. At that time, he referred plaintiff to Dr. Hardy in Greenville for consultation with regard to plaintiff's back pain.
11. Dr. Johnson never recorded in his October 23, 2001 office note that plaintiff reported a workplace injury.
12. On November 5, 2001, plaintiff presented to Kurt Voos, M.D., a board certified orthopaedic specialist in spinal surgery, for treatment of her spine condition. Dr. Voos learned while he took plaintiff's initial history that, "[Plaintiff] reports having neck and low back pain over the past six to eight months but has noticed significant worsening over the past three weeks or so." After his examination and evaluation of plaintiff, Dr. Voos diagnosed plaintiff with cervical radiculopathy and recommended a cervical spine MRI. Dr. Voos determined that plaintiff possessed a disk herniation at C5-6. Subsequent to this examination, Dr. Voos recommended courses of physical therapy and epidural steroid injections for plaintiff.
13. On May 13, 2002, plaintiff returned to Dr. Voos after her initial round of injections with complaints of low back pain. Dr. Voos recommended a lumbar MRI to determine the cause of her low back pain. On June 5, 2002, Dr. Voos examined plaintiff and determined that her back pain issues, "[A]re all muscle related." Also, after reviewing plaintiff's lumbar spine MRI, Dr. Voos noted plaintiff possessed some foraminal stenosis at L4-5. Dr. Voos determined that, "Up to this point I see no etiology for her low back pain."
14. Dr. Voos recommended a CT myelogram of plaintiff's lumbar spine. On August 28, 2002. Dr. Voos reviewed the results of the lumbar spine CT myelogram and noted that the results were "essentially normal" with mild disk bulging at L4-5. After reviewing the lumbar CT myelogam results with plaintiff, Dr. Voos noted that, "I really cannot explain her back pain." On January 8, 2003, Dr. Voos reviewed plaintiff's diskogram and determined that it, "[I]s in essence unremarkable.". Dr. Voos had no opinion on the causation of plaintiff's back pain.
15. After plaintiff's alleged injury, she continued to work in a light duty capacity for defendant-employer for a short period. However, on or about October 26, 2001, plaintiff applied for and was granted Short Term Disability benefits for twenty-six weeks. Plaintiff noted on her Short Term Disability application that her spine condition was not due to any occupational injury or disease and was not due to injury. On October 24, 2001, plaintiff applied for and was granted Family and Medical Leave Act leave. While Dr. Johnson had in his files a short term disability form indicating the injury was work related, the form did not have the date of occurrence or location of the incident completed. Further, had this form been submitted to the short term disability carrier, short term disability benefits would not have been paid as the policy excludes work related injuries.
16. Plaintiff failed to inform defendant-employer of her alleged injury within thirty days after the alleged injury.
17. Based upon the expert testimony of record, the Full Commission gives greater weight to the causation opinions of Dr. Voos, plaintiff's treating spine specialist than to Dr. Johnson, who bases his opinion of causal relation on his memory of events that occurred two years earlier rather than his own medical records which are in contradiction to his memory. Dr. Voos concludes that he is unable to determine the etiology of plaintiff's cervical complaints. Therefore the Full Commission finds based on the greater weight of the evidence that plaintiff has failed to prove that she sustained an injury by accident or a specific traumatic incident of the work assigned arising out of and in the course of her employment with defendant-employer.
 ***********
The foregoing findings result in the following:
 CONCLUSIONS OF LAW
Since plaintiff has failed to prove by the greater weight of the evidence that she sustained a back injury on October 15, 2001 as the result of either a specific traumatic incident of the work assigned or an injury by accident arising out of and in the course of her employment with defendant-employer, she is not entitled to any benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim under the law is and must be denied.
2. Each side shall pay its own costs, except the defendants shall pay an expert witness fee of $275.00 to Dr. Kenneth L. Johnson if not already paid by a prior order.
This the 28th day of October 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
DISSENTING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DCS/llc